UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No.

| | |
|---|---|
| LYNDA FINK,<br> Plaintiff<br><br>v.<br><br>CENTURY BATHWORKS INC.,<br> Defendant. | **PLAINTIFF'S COMPLAINT<br>AND JURY DEMAND** |

## PARTIES

1. The plaintiff, Lynda Fink, is a citizen of the Commonwealth of Massachusetts and a resident of Newton, Massachusetts, County of Middlesex.

2. The defendant, Century Bathworks, Inc. ("Century"), is a New Jersey corporation with its principal place of business located in Woodland Park, New Jersey and upon information and belief, was directly or indirectly involved with the design, manufacture, and/or assembly of a CTX 5-model, glass shower door (hereinafter referred to as the "subject shower door").

## JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiffs and defendant are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because all or substantially all of the events giving rise to the plaintiff's claim transpired in Newton, Massachusetts.

5. Personal jurisdiction over the defendants exist pursuant to M.G.L. c. 223A, §§ 3(a), (b), and (c) because the plaintiff's claims arise out of the defendant transacting business and contracting to supply goods in the Commonwealth of Massachusetts. The defendant regularly does or solicits business and derives substantial revenue from goods used or consumed in the Commonwealth. The defendant caused tortious injury to the plaintiff by an act or omission outside the Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

6. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 5.

7. On or about May 10, 2010, the plaintiff purchased the subject shower door and had the shower door delivered to her Newton residence.

8. Shortly after they were delivered to her home, the subject shower door was installed according to the manufacturer's instructions.

9. Between the date of the installation and the date of the subject incident on May 21 2016, the subject shower door was used in a reasonably foreseeable manner.

10. On or about May 21, 2016, the plaintiff was using the subject shower door in a reasonably foreseeable manner at her home located in Newton, Massachusetts when suddenly, and without warning, the shower door spontaneously shattered causing small and large pieces of the subject shower door to fall in different directions.

11. On or about May 21, 2016, the plaintiff sustained serious and permanent injuries when one or more large pieces of the subject shower door fell on to her left foot.

## COUNT ONE

## CLAIM OF THE PLAINTIFF, LYNDA FINK, AGAINST THE DEFENDANT, CENTURY BATHWORKS, INC., FOR PERSONAL INURIES AND RELATED LOSSES, PREDICATED ON NEGLIGENCE.

12. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 11.

13. The subject product, as designed, manufactured, and/or assembled by the defendant, Century Bathworks, Inc., was defective in that the subject product, when used by the plaintiff as intended, or as was reasonably foreseeable, was subject to spontaneous shattering, causing the plaintiff to sustain serious and permanent personal injuries and other related losses.

14. At all times relevant hereto, the defendant was negligent in its design of the subject shower door in that the design relied upon proper assembly, use and maintenance of certain component parts of the subject shower door assembly, yet the defendant failed to include any parameters to be used by the consumer or

installer to ensure proper and safe installation, use and maintenance of certain component parts of the subject shower door assembly.

15. At all times relevant hereto, the defendant was negligent in failing to provide adequate and clear warning to consumers, including the plaintiff, as to the risk of spontaneous shattering of the subject shower door.

16. On or about May 21, 2016, the defendant was negligent in failing to design, manufacture, assemble, and provide adequate warnings with the subject shower door in a manner that would result in the subject shower door being reasonably safe and free from defects for its intended users, including the plaintiff.

17. On or about May 21. 2016, and as a direct and proximate result of the defendant's negligent design, manufacture, assembly, and warnings, the plaintiff through no fault of her own was caused to suffer and did suffer serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related losses.

18. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Century Bathworks, Inc., in an amount deemed fair and reasonable to fully compensate the plaintiff for all of her incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Lynda Fink, demands judgment against the defendant, Century Bathworks, Inc., in an amount deemed fair and reasonable to fully compensate the plaintiff for her incident related injuries and losses, together with interest and costs.

## COUNT TWO

### CLAIM OF THE PLAINTIFF, LYNDA FINK, AGAINST THE DEFENDANT, CENTURY BATHWORKS, INC., FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON BREACH OF THE IMPLIED WARRANTY OF MERCHANTEABILITY.

19. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 18.

20. At all times relevant hereto, the defendant, Century Bathworks, Inc., was engaged, either directly or indirectly, in the business of designing, manufacturing, marketing and/or distributing Century-brand glass shower doors, including but not limited to, the CTX-5 model.

21. Sometime prior to May 21, 2016, the defendant, either directly or indirectly, placed into the stream of commerce a certain model shower door, identified as the CTX-5.

3

22. In distributing, selling and placing the aforesaid subject model shower door into the stream of commerce, the defendant warranted that the subject model shower door was merchantable and reasonably fit and suitable for its general purpose and its intended and ordinary uses.

23. The plaintiff, at all times relevant hereto, was a person whom the defendant should reasonably have expected to use or be affected by the aforesaid subject model shower door.

24. In reliance upon the aforesaid warranty, on or about May 21, 2016, the plaintiff was using the subject product according to its ordinary and intended purpose, when the subject product spontaneously shattered, causing the plaintiff to sustain and permanent injuries, including serious injuries to her left foot.

25. At all times relevant hereto, the defendant breached its implied warranty of merchantability insofar as the aforesaid subject model shower door was not reasonably fit and suitable for the general and ordinary purpose for which it was sold and was unreasonably dangerous.

26. At all times relevant hereto, the defendant breached its implied warranty of merchantability insofar as the aforesaid subject model shower door was defective in its design, manufacture, assembly and warnings.

27. As a direct and proximate result of the defendant's breach of warranty, the plaintiff through no fault of her own was caused to suffer and did suffer serious and permanent personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related losses.

28. As a direct and proximate result of the foregoing, the plaintiff is entitled to recover damages from the defendant in an amount deemed fair and reasonable to fully compensate the plaintiff for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Lynda Fink, demands judgment against the defendant, Century Bathworks, Inc., in an amount deemed fair and reasonable to fully compensate the plaintiff for all of her injuries and losses, together with interest and costs.

### COUNT THREE

### CLAIM OF THE PLAINTIFF, LYNDA FINK, AGAINST THE DEFENDANT, CENTURY BATHWORKS, INC., FOR VIOLATION OF G.L. c. 93A.

29. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 28.

30. The injuries suffered by the plaintiff, as a result of the breach of warranty by the defendant, Century Bathworks, Inc., constitutes a violation of G.L. c. 93A for which the plaintiff is entitled to recover up to treble damages, plus attorney's fees, interest and costs incurred in the connection with her underlying claim. <u>Maillet v. ATF-Davidson Company, Inc.</u>, 407 Mass. 185 (1990).

31. On October 10, 2017, the plaintiff delivered a Demand pursuant to G.L. c. 93A to the defendant, Century Bathworks, Inc. via certified mail, return receipt requested.

32. The defendant failed to provide a timely response to the plaintiff's demand pursuant to G.L. c. 93A.

33. As a result of the foregoing, the plaintiff is entitled to recover up to treble damages from the defendant, together with interest, costs and reasonable attorney's fees.

**WHEREFORE**, the plaintiff, Lynda Fink, demands judgment against the defendant, Century Bathworks, Inc., and asks this court to award her treble damages, together with interest, costs and reasonable attorney's fees.

<u>**THE PLAINTIFF DEMANDS TRIAL BY JURY**</u>

Lynda Fink,
By her Attorney,

/s/ Susan M. Bourque
Susan M. Bourque, Esq. BBO# 647195
smb@parkerscheer.com
Heather M. Boutet, BBO# 694478
hmb@parkerscheer.com
Parker Scheer LLP
One Constitution Center
Boston, Massachusetts 02129
(617) 886-0500

Dated: August 14, 2018